# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Federal National Mortgage Association, | Case No.: 2:16-cv-02838-JAD-BNW |
| Plaintiff | |
| v. | **Order Granting Motion for Summary Judgment on Federal Foreclosure Bar Claims** |
| Blue Diamond Ranch Landscape Maintenance Association, et al., | |
| Defendants | [ECF Nos. 36, 41] |
| ALL RELATED CLAIMS AND PARTIES | |

Nevada law holds that a properly conducted nonjudicial foreclosure sale by a homeowners' association to enforce a superpriority lien extinguishes a first deed of trust. But when that deed of trust belongs to government-sponsored enterprise Federal National Mortgage Association (better known as "Fannie Mae"), and the foreclosure sale occurs while Fannie Mae is under the conservatorship of the Federal Housing Finance Agency (FHFA) and without that agency's consent, federal law shields that security interest from extinguishment. That shield is known as the Federal Foreclosure Bar.

Fannie Mae brings this action to determine the effect of a 2014 nonjudicial foreclosure sale on the deed of trust securing the mortgage on a home.[1] Because Fannie Mae has shown that the Federal Foreclosure Bar prevented that sale from extinguishing the deed of trust, I grant

---

[1] This is but one of hundreds of similar cases between lenders and HOA-foreclosure-sale purchasers that have inundated this district for the last five years.

summary judgment in its favor, leaving only the Blue Diamond Ranch Landscape Maintenance Association's crossclaims against Absolute Collection Services, LLC.

## Background

Fannie Mae, which has been under the conservatorship of the FHFA since 2008,[2] purchased the mortgage on the home located at 4790 Gracemont Avenue in Las Vegas, Nevada, in 2003, along with the deed of trust that secures it.[3] The deed of trust has been assigned to various nominees acting as Fannie Mae's loan-servicing agents.[4] The home is located in the Blue Diamond Ranch common-interest community and subject to its homeowners' association's covenants, conditions, and restrictions (CC&Rs), which require the owners of property within this planned development to pay assessments.[5]

The Nevada Legislature gave homeowners associations (HOAs) a superpriorty lien against residential property for certain delinquent assessments and established in Chapter 116 of the Nevada Revised Statutes a nonjudicial foreclosure procedure for HOAs to enforce that lien.[6] When the owners of this home fell behind on their assessments, the Blue Diamond Ranch Landscape Maintenance Association Owners Association ("the HOA"), through its foreclosure

---

[2] I take judicial notice of this well-known fact, which no party disputes.
[3] ECF No. 36-1 at ¶ 4.
[4] *Id*. at ¶¶ 7–9; *see also* ECF Nos. 36-5, 36-6.
[5] ECF No. 36-4 at 17 (planned-unit-development rider).
[6] Nev. Rev. Stat. § 116.3116; *SFR Invs. Pool 1 v. U.S. Bank* ("*SFR I*"), 334 P.3d 408, 409 (Nev. 2014).

agent Absolute Collection Services, LLC, sold the property at a nonjudicial foreclosure sale on April 15, 2014, to DMVH, LLC.[7] That sale recorded on April 16, 2014.[8]

As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS § 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[9] But the Federal Foreclosure Bar in 12 U.S.C. § 4617(j)(3) creates an exception to that rule.[10] This safeguard is contained in the Housing and Economic Recovery Act ("HERA", codified at 12 U.S.C. § 4511 et seq.), which went into effect in 2008.[11] HERA established the FHFA and placed Fannie Mae under that agency's conservatorship.[12] Under HERA's Federal Foreclosure Bar, when Fannie Mae is the beneficiary of the deed of trust at the time of the foreclosure sale and Fannie Mae is under the conservatorship of the FHFA, the deed of trust is not extinguished and instead survives the sale unless the agency affirmatively relinquished that interest.[13]

---

[7] ECF No. 36-11 (foreclosure deed); ECF No. 36-9 (Notice of Default and Election to Sell); ECF No. 36-10 (Notice of Trustee's Sale). I take judicial notice of all recorded documents in the record.

[8] ECF No. 36-11.

[9] *SFR I*, 334 P.3d at 419.

[10] *See Berezovsky v. Moniz*, 869 F.3d 923, 927 n.1 (9th Cir. 2017).

[11] *Berezovsky*, 869 F.3d at 925.

[12] *Id*.

[13] *Id.* at 933; *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 368 (Nev. 2018) ("Because Fannie Mae was under the FHFA's conservatorship at the time of the homeowners' association foreclosure sale, the Federal Foreclosure Bar protected the deed of trust from extinguishment.").

Fannie Mae filed this action against the HOA, its foreclosure agent Absolute Collection Services, LLC, and foreclosure-sale purchaser DMVH, LLC.[14] Fannie Mae pleads quiet-title claims under three theories,[15] asserting that the Federal Foreclosure Bar or the tender of the full superpriority portion of the HOA's lien by Fannie Mae's loan servicer prevented the foreclosure sale from extinguishing the deed of trust and, alternatively, that Nevada's HOA lien-foreclosure scheme was unconstitutional as the Ninth Circuit held in *Bourne Valley Court Trust v. Wells Fargo*.[16] I find that Fannie Mae's quiet-title claims are all the type recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—actions "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[17] The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[18] Fannie Mae also pleads alternative claims for breach of NRS § 116.1113 and wrongful foreclosure that are conditioned on the failure of its quiet-title claims,[19] and a claim for injunctive relief during the pendency of this case.[20] The HOA filed a crossclaim

---

[14] ECF No. 1 (complaint).

[15] Fannie Mae spreads these theories across several claims, some captioned "declaratory relief" and some "quiet title." I find that these claims are duplicative and that plaintiff has really just pled quiet title claims seeking declaratory relief as the remedy.

[16] *Bourne Valley Court Trust v. Wells Fargo Bank*, 832 F.3d 1154 (9th Cir. 2016); ECF No. 1 at ¶¶ 75, 86.

[17] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–11 (Nev. 2016).

[18] *Id.* at 1112.

[19] ECF No. 1 at 16–18 (sixth and seventh causes of action).

[20] *See id.* at 18–19 (eighth cause of action).

against Absolute for indemnity, contribution, apportionment, breach of contract, and declaratory relief.[21]

Discovery has closed[22] and Fannie Mae moves for summary judgment, arguing that the Federal Foreclosure Bar and its loan servicer's pre-foreclosure tender of the full superpriority portion of the HOA's lien saved its deed of trust on this property from extinguishment.[23] Foreclosure-sale purchaser DMVH opposes that motion.[24] The HOA moves for summary judgment in its favor on Fannie Mae's claims, arguing primarily that it did nothing wrong.[25] Because I find that Fannie Mae is entitled to summary judgment on its quiet-title claims under a Federal Foreclosure Bar theory, I enter judgment in Fannie Mae's favor on that theory, declare that the foreclosure sale did not extinguish the deed of trust, dismiss all of Fannie Mae's remaining claims as moot, and deny the HOA's summary-judgment motion as moot.

**Discussion**

**A.   Summary Judgment Standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[26] When considering summary judgment, the court views all facts and draws all

---

[21] ECF No. 12. Absolute has not answered or otherwise responded to that crossclaim, and its counsel has withdrawn. Absolute was given until January 13, 2020, to advise the court that it has retained counsel or risk having default judgment entered against it. *See* ECF No. 48.

[22] ECF No. 35 (scheduling order with discovery cut-off of 8/27/19).

[23] ECF No. 36 (Fannie Mae).

[24] ECF No. 40.

[25] ECF No. 41 (HOA's MSJ).

[26] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

5

inferences in the light most favorable to the nonmoving party.[27]  If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[28]  If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[29]  "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."[30]

**B.     Fannie Mae is entitled to summary judgment because the Federal Foreclosure Bar saved its deed of trust from extinguishment.**

In *Berezovsky v. Moniz*, the Ninth Circuit held that "the Federal Foreclosure Bar supersedes the Nevada superpriority lien provision,"[31] preventing a non-judicial foreclosure sale under NRS Chapter 116 from extinguishing a Freddie Mac deed of trust without the FHFA's consent while that government enterprise is under the FHFA's conservatorship.  Numerous Ninth Circuit panels have since applied *Berezovsky* to find that the Federal Foreclosure Bar similarly saved Fannie Mae deeds of trust from extinguishment during HOA foreclosure sales.[32]  There is

---

[27] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[28] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[29] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[30] *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

[31] *Berezovsky*, 869 F.3d at 931.

[32] *See, e.g., Nationstar Mortg. LLC v. Airmotive Investments, LLC*, 787 F. App'x 446, 447 (9th Cir. Dec. 13, 2019) (unpublished); *Ditech Fin., LLC v. SFR Investments Pool 1, LLC*, 2019 WL 6242262 at *2 (9th Cir. Nov. 21, 2019) (unpublished); *Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 F. App'x 658 (9th Cir. 2017) (unpublished).

no dispute that Fannie Mae was under the FHFA's conservatorship at the time of the 2014 foreclosure sale. So the question here is whether Fannie Mae has shown that its security interest in this property was protected from the legal effect of NRS § 116.3116 by the Federal Foreclosure Bar.

### 1. *Fannie Mae owned the deed of trust at the time of the foreclosure sale.*

The record establishes without genuine dispute that the deed of trust belonged to Fannie Mae at the time of this foreclosure sale. Fannie Mae offers the declaration of its Assistant Vice President Graham Babin and corroborating documents to show that Fannie Mae was the security instrument's owner. That declaration establishes that Fannie Mae acquired ownership of the loan and the deed of trust for this property in August 2003 and has continued to own the loan and deed of trust ever since.[33] It explains that, at the time of the foreclosure sale, beneficiary-of-record Bank of America was merely servicing the loan under the terms of Fannie Mae's Single-Family Servicer Guide, "which serves as a central document governing the contractual relationship between Fannie Mae and its loan servicers nationwide, including Bank of America."[34] The corroborating documents include printouts of computer records,[35] which Babin explains, along with relevant portions of Fannie Mae's publicly available Servicer Guide.[36]

I find that Babin's declaration sufficiently establishes his familiarity with Fannie Mae's recordkeeping system and the authenticity of the printouts and Guide to lay the foundation required by Federal Rule of Evidence 902(11). And it establishes—with no materially contradictory evidence from the defendants—that the security interest on this property belonged

---

[33] ECF No. 36-1 at ¶¶ 4, 7.
[34] *Id.* at ¶¶ 9–10.
[35] *Id.* at 5–55.
[36] ECF Nos. 36-2, 36-3. 36-7.

7

to Fannie Mae at the time of the 2014 foreclosure sale, as it does today. The ballooning body of Federal Foreclosure Bar caselaw in this circuit supports this conclusion. The Nevada Supreme Court found a similar record sufficient to support summary judgment in favor of Freddie Mac based on the Federal Foreclosure Bar last year in *Daisy Trust v. Wells Fargo Bank, N.A.*[37] And the Ninth Circuit reached the same conclusion on near-identical records in *Berezovsky* and in *Federal Home Loan Mortgage Corporation v. SFR Investments Pool 1, LLC*.[38]

Purchaser DMVH argues that Nevada's statute of frauds prevents Fannie Mae from claiming any interest in this property without a written instrument in its name. But DMVH lacks standing to invoke the statute of frauds to preclude Fannie Mae from enforcing the deed of trust. "The defense of the statute of frauds is personal, and available only to the contracting parties or their successors in interest."[39] DMVH, "as a stranger to" the transfer of the loan and deed of trust, "is without standing" to invoke that defense.[40]

DMVH's next argument, that the deed of trust had to have been recorded in Fannie Mae's name in order for Fannie Mae to assert the Federal Foreclosure Bar, was also expressly rejected in *Daisy Trust*. Like DMVH, the foreclosure-sale purchaser in *Daisy Trust* argued "that

---

[37] *Daisy Trust v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 850–51 (Nev. 2019).

[38] *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1150 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1618 (2019) ("The district court based its finding that an Enterprise had an interest in each Property on the fact that, in each case, a servicer acquired a beneficial interest in the respective Property's deed of trust, and serviced the respective mortgage loan on behalf of one of the Enterprises. Each acquisition of a Property's deed of trust by a servicer occurred on a date prior to the respective HOA foreclosure sale. The district court thus found that FHFA, which succeeded to the Enterprises' assets per HERA, held an interest in the Properties prior to the sales. Accordingly, the named beneficiary under the recorded deed of trust in each case is someone other than the note owner, one of the Enterprises.").

[39] *Harmon v. Tanner Motor Tours of Nev., Ltd.*, 377 P.2d 622, 628 (Nev. 1963).

[40] *Id*.

8

Nevada's recording statutes required Freddie Mac to record its interest in the loan."[41] But the Nevada Supreme Court disagreed. It reasoned that, although the recording statutes currently require deed-of-trust assignments to be recorded, the version in effect in 2007 when Freddie Mac acquired the Daisy Trust property one was permissive, not mandatory, as it stated only that such an assignment "may be recorded."[42] Thus, the Court held, "Nevada's recording statutes did not require Freddie Mac to publicly record its ownership interest as a prerequisite for establishing that interest."[43]

NRS § 106.210, which contains the recording requirement for assignments of deeds of trust, did not require public recording of deeds of trust until 2011.[44] So, when Fannie Mae acquired its interest in this property in 2003, Nevada's recording statutes did not require Fannie Mae to record that interest. As the en banc Court confirmed in *Daisy Trust*, "consistent with . . . the Nevada Supreme Court's 2015 holding in *In re Montierth*, the deed of trust did not [even] have to be 'assigned' or 'conveyed' to Freddie Mac in order for Freddie Mac to own the secured loan . . . ."[45] The lender's loan servicer "can serve as the record deed of trust beneficiary on behalf of a lender and a lender's successors such as . . . Freddie Mac in this case," as long as that

---

[41] *Daisy Trust*, 445 P.3d at 849.

[42] *Id*.

[43] *Id.*

[44] *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 254 n.5 (Nev. 2012) ("Prior to 2011, Nevada law provided that any assignment of the beneficial interest under a deed of trust 'may' be recorded. Assembly Bill 284 amended this statute to now require that 'any assignment of the beneficial interest under a deed of trust *must* be recorded.'"). The handful of statutory provisions that NMVH relies on govern real property conveyances, not assignments of deeds of trust. *See* ECF No. 40 at 9–11.

[45] *Daisy Trust* at 849 (citing *In re Montierth*, 354 P.3d 648, 650–51 (Nev. 2015), and *Edelstein*, 286 P.3d at 259–60).

9

record servicer "was at all times in an agency relationship with the note holder . . . ."[46] And here, the record shows without genuine dispute that named beneficiary Bank of America was in such a relationship with noteholder Fannie Mae.[47] Because Nevada law deems it an acceptable practice for a loan servicer to act as the beneficiary of record for the true beneficiary, Fannie Mae's interest in the deed of trust is not rendered unenforceable by the fact that its name did not appear in the official record.[48]

### 2. *There is no evidence that the FHFA consented to extinguish the deed of trust.*

There is also no legitimate dispute that the FHFA did not consent to wiping out Fannie Mae's deed of trust through this foreclosure. The FHFA issued a statement dated April 21, 2015, "confirm[ing] that it has not consented, and will not consent in the future, to the foreclosure or other extinguishment of any Fannie Mae or Freddie Mac lien or other property interest in connection with HOA foreclosures of super-priority liens."[49] The defendants offer no evidence to suggest that the agency did consent. Instead, DMVH argues that I should "imply FHFA's consent to extinguishment" of the deed of trust because Fannie Mae "concealed" its interest by failing to record its ownership of the deed of trust.[50]

---

[46] *Id.*

[47] ECF No. 36-1.

[48] *See also Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d at 1150 ("HERA does not require the Enterprises to have recorded their ownership of the liens in local recording documents for FHFA to have succeeded to those valid interests upon inception of conservatorship."). Fannie Mae has been the beneficiary of record since 4/17/15. *See* ECF No. 36-6.

[49] ECF No. 36-12; https://www.fhfa.gov/Media/PublicAffairs/Pages/Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx, last visited 1/6/20.

[50] ECF No. 40 at 12.

But Fannie Mae and the Agency need not take any action to ensure that the Federal Foreclosure Bar preserves a Fannie Mae deed of trust. As the Ninth Circuit stated in *Federal Home Loan Mortgage Corporation v. SFR Investments Pool 1, LLC*, "the bar on foreclosure sales lacking [the] FHFA's consents applies by default."[51] Based on this feature of the Federal Foreclosure Bar, the Nevada Supreme Court has expressly rejected the notion that inaction can be construed as consent.[52] I decline DMVH's invitation to hold otherwise.

The remainder of DMVH's arguments against the application of the Federal Foreclosure Bar require me to ignore or misconstrue the holding of *Berezovsky*, which I decline to do. I conclude that *Berezovsky* provides the applicable legal principles for Fannie Mae's Federal Foreclosure Bar theory, that I am bound by those principles, and that Fannie Mae has shown through evidence not subject to genuine dispute that it is entitled to summary judgment on its quiet-title claims based on this theory. So, I grant summary judgment in favor of Fannie Mae on its Federal Foreclosure Bar claims and declare that 12 U.S.C. § 4617(j)(3) prevented the 2014 foreclosure sale from extinguishing the deed of trust.

**C.     All of Fannie Mae's remaining claims are dismissed as moot.**

Because I am granting complete quiet-title relief based on Fannie Mae's Federal Foreclosure Bar theory, I need not and do not reach the merits of, or arguments challenging, any of Fannie Mae's other quiet-title theories. And because Fannie Mae's remaining claims as pled either are contingent upon a determination that the sale extinguished the deed of trust or seek a pre-judgment remedy, I dismiss all remaining claims as moot. I thus deny the HOA's motion for summary judgment in its favor on all of Fannie Mae's claims as moot, too.

---

[51] *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d at 1149.

[52] *See, e.g.*, *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 368 (Nev. 2018).

This decision leaves only the HOA's crossclaims against Absolute, which has not answered or otherwise responded to those claims. The HOA has until January 20, 2020, to file a notice of dismissal of those claims or another appropriate motion to bring those claims towards a resolution. If the HOA fails to file such a notice or motion by January 20, 2020, the court will deem those claims abandoned as moot in light of this summary-judgment order, dismiss them as moot, and close this case.

**Conclusion**

IT IS THEREFORE ORDERED that the Federal National Mortgage Association's Motion for Summary Judgment **[ECF No. 36] is GRANTED. Summary judgment is entered in favor of the plaintiff on its quiet-title claims based on the Federal Foreclosure Bar.** Because 12 U.S.C. § 4617(j)(3) prevented the extinguishment of the deed of trust during the 2014 HOA foreclosure sale, plaintiff is entitled to a declaration that DMVH, LLC took the property subject to that interest. **All of the plaintiff's remaining claims are DISMISSED as moot.**

And with good cause appearing and no reason to delay, and because this summary-judgment/dismissal ruling results in the resolution of all of the plaintiff's claims, leaving only crossclaims by Defendant Blue Diamond Ranch Landscape Maintenance Association against Absolute Collection Services, LLC, IT IS FURTHER ORDERED that **PARTIAL FINAL JUDGMENT is hereby entered under Federal Rule of Civil Procedure 54(b) in favor of the Plaintiff Federal National Mortgage Association, DECLARING that:**

> **the deed of trust for the property located at 4790 Gracemont Avenue, in Las Vegas, Nevada, recorded as Instrument # 02092 in Book 20030804 of the real property records for Clark County, Nevada, on 8/04/03, was not extinguished by the 4/15/14 foreclosure sale, so foreclosure-sale purchaser DMVH, LLC took the property subject to the deed of trust.**

IT IS FURTHER ORDERED that the Blue Diamond Ranch Landscape Maintenance Association's Motion for Summary Judgment **[ECF No. 41] is DENIED** as moot.  **The Blue Diamond Ranch Landscape Maintenance Association has until January 20, 2020, to file a notice of dismissal of its remaining counterclaims or another appropriate motion to bring those claims towards a resolution.**  If the HOA fails to file such a notice or motion by January 20, 2020, the court will deem those claims abandoned as moot in light of this summary-judgment order, dismiss them as moot, and close this case.

Dated: January 7, 2020

_____
U.S. District Judge Jennifer A. Dorsey